UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DUSTIN SHANE PETTY,

    Petitioner,

v.                                        Case No. 1:24-cv-188-MW-MJF

DARBY BUTLER, *et al.*,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this case be dismissed without prejudice because Petitioner failed to comply with two court orders, failed to comply with the Local Rules, failed to prosecute this action, and failed to pay the filing fee or apply for leave to proceed *in forma pauperis*.

### I. Background

Petitioner Dustin Petty (DC# N19583) is an inmate of the Florida Department of Corrections housed at the Reception and Medical Center. Doc. 1 (Mailing Envelope). Petty initiated this action on October 14, 2024, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Id*. The petition challenges Petty's conviction for Trafficking in Phenethylamines in Dixie County Circuit Court Case No. 2022-CF-

000090. Petty's petition was not filed on the court form and was not accompanied by the $5.00 filing fee or a motion for leave to proceed *in forma pauperis*.

On October 28, 2024, the undersigned notified Petty, as required by *Castro v. United States*, 540 U.S. 375, 383 (2003), that this court intended to recharacterize Petty's petition as a § 2254 habeas corpus petition. Doc. 3 (citing 28 U.S.C. § 2254(a); *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002)). The undersigned also notified Petty of the consequences of that recharacterization. Doc. 3 at 2-3.[1]

The October 28 Order required Petty to file: (1) a notice of voluntary dismissal or (2) an amended petition on the Northern District's § 2254 petition form accompanied by payment of $5.00 or a complete application for leave to proceed *in forma pauperis*. Doc. 3 at 3 (citing N.D. Fla. Loc.

---

[1] Additionally, because Petty also complained about the conditions of his pretrial detention at the Dixie County Jail, Doc. 1 at 4-5, the undersigned notified Petty that he cannot pursue those claims in a habeas corpus action and instead must assert them in a civil rights complaint under 42 U.S.C. § 1983, using the Northern District's civil rights complaint form. Doc. 3 at 3 n.1 (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004); N.D. Fla. Loc. R. 5.7(A)).

R. 5.7(A); N.D. Fla. Loc. R. 5.3). The undersigned set a compliance deadline of November 27, 2024, and warned Petty that failure to comply with the order likely would result in this case being dismissed. Doc. 3 at 4-5.

To date, Petty has not complied with the October 28 Order, and has not responded to the 14-day show-cause order entered on December 13, 2024. Doc. 4.

## II. DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action when the petitioner/plaintiff fails to pay the filing fee or demonstrate entitlement to proceed *in forma pauperis*. *See* 28 U.S.C. §

1915(a); N.D. Fla. Loc. R. 5.3; *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002).

Petty has failed to comply with two court orders and two Local Rules, failed to prosecute this action, and failed to pay the filing fee or apply for leave to proceed *in forma pauperis*. Petty has offered no excuse for these failures and, consequently, has not shown good cause. Accordingly, dismissal of this action is appropriate. *See, e.g., Olivares v. Warden, USP Coleman I*, 786 F. App'x 994, 994-95 (11th Cir. 2019).

### III.   CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This civil action be **DISMISSED** without prejudice.
2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 14th day of January, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed**

**findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**